Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| SEBASTIEN LAMBERT RECURRIDO V. SALLY MARIE BIONDO PETICIONARIA | TA2026CE00649 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez CASO NÚM.: MZ2026RF00129 SOBRE: Custodia-Monoparental o Compartida |
| --- | --- | --- |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 11 de junio de 2026.

Comparece ante nos, la señora Sally Marie Biondo (en adelante, "la peticionaria"). Solicita nuestra intervención para que dejemos sin efecto la *"Orden Custodia Provisional,"* según enmendada el día 20 de abril de 2026. Mediante esta, el foro primario concedió la custodia provisional de los menores a favor del señor Sebastien Lambert (en lo sucesivo, "el recurrido").

Por los fundamentos que expondremos a continuación, revocamos la *"Orden Custodia Provisional,"* según enmendada, y devolvemos el caso para la urgente celebración de una vista de custodia provisional.

**I.**

El 26 febrero de 2026, el recurrido presentó *"Solicitud Urgente de Custodia Monoparental de Menores y Oposición a Traslado Permanente."* Sostuvo, que junto a la peticionaria procreó cinco (5) hijos menores de edad cuya custodia no ha sido adjudicada judicialmente. No obstante, aseveró que desde el 28 de enero de 2026 la peticionaria viajó con los menores al Estado de Florida y a la fecha de la presente Solicitud no había regresado

a Puerto Rico. Ello, a pesar de que alegadamente él solo autorizó a que el viaje se efectuara durante un periodo de dos (2) semanas. Añadió, que la peticionaria le indicó que ella ni los menores regresarán a Puerto Rico. Ante tales alegaciones, solicitó que se le conceda la custodia monoparental de sus hijos y que se ordene que éstos regresen a Puerto Rico.[1]

Posteriormente, el recurrido solicitó que la peticionaria fuera emplazada por edicto y el foro primario así lo ordenó. Acto seguido, el 31 de marzo de 2026, el recurrido informó que el Emplazamiento por Edicto fue publicado el día 24 de marzo de 2026.

Así las cosas, el 16 de abril de 2026, entre otras cosas, el tribunal de instancia señaló vista en su fondo para el 28 del mismo mes y año. A su vez, puntualizó que la peticionaria estaba en término para contestar la demanda. No obstante, el día siguiente notificó la "*Orden Custodia Provisional*" objeto de revisión. Mediante esta, concedió la custodia provisional de los menores a favor del recurrido, según se clarifica en la *"Orden"* notificada el 20 de abril de 2026.

El 28 de abril de 2026, la peticionaria procedió a presentar *"Contestación a Demanda, Exponiendo Defensas Afirmativas y Reconvención."* Por medio de la alegación responsiva, sostuvo que el traslado de los menores fuera de Puerto Rico no fue mediante engaño. Además, aseveró que mantuvo comunicación con el recurrido y que ella y los menores fueron sometidos a maltrato por parte de éste. En cuanto a la reconvención, adujo que el recurrido autorizó el trasladado al Estado de Florida y que él conocía la dirección donde estarían ubicados sus hijos menores. De otra parte, arguyó que el 24 de febrero de 2026, solicitó una orden de protección a su favor por violencia doméstica, la cual fue alegadamente expedida. Ante estas alegaciones, solicitó que la custodia monoparental de los menores sea concedida a ella.[2]

---

[1] El 15 de abril de 2026, el recurrido notificó que está en curso un procedimiento criminal en contra de la peticionaria en el que se había determinado causa probable para su arresto por el delito de privación ilegal de custodia.

[2] El 30 de abril de 2026, el recurrido negó las alegaciones principales de la reconvención entablada en su contra.

Posteriormente, el 15 de mayo de 2026, el tribunal de instancia ordenó a la Unidad Social de Relaciones de Familia y Asuntos de Menores que realice un estudio social sobre la custodia objeto de litigio.

En desacuerdo con la "*Orden Custodia Provisional,*" el 20 de mayo de 2026, la peticionaria presentó un recurso de *certiorari* ante este Tribunal. Mediante este, esbozó los siguientes señalamientos de error:

> Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Mayagüez al adjudicar custodia aun sin haber comparecido al pleito la Demandada-Apelante estando en término para contestar la demanda.

> Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Mayagüez al adjudicar custodia sin da[r] oportunidad a la parte Demandada-Apelante de expresar su posición sobre la solicitud de la parte Demandante-Apelada.

El 26 de mayo de 2026, este Tribunal notificó una *"Resolución"* mediante la cual se le concedió al recurrido hasta el 1 de junio de 2026 para presentar su oposición a la expedición del auto de *certiorari*. Tras una solicitud de prórroga, presentada por el recurrido, el 29 de mayo de 2026 emitimos y notificamos una *"Resolución"* en la que a instancia propia expedimos el recurso de *certiorari* y paralizamos los procesos ante el foro primario. Además, le concedimos al recurrido hasta el 19 de junio de 2026 para presentar su alegato en oposición.

Antes de comparecer a este Tribunal, el 4 de junio de 2026, el recurrido presentó ante el foro primario *"Moción Informativa y en Solicitud de Remedio Urgente."* Indicó, que el 2 de junio de 2026, la peticionaria fue arrestada por oficiales federales y que él viajó fuera del país a buscar a sus hijos menores. Ante ello, solicitó que se emitiera un decreto de custodia de emergencia a su favor. Al día siguiente, el tribunal de instancia notificó a esta Curia sobre la presentación de la aludida Moción. Posteriormente, el 9 de junio de 2026, el recurrido presentó su "*Alegato en Oposición al Recurso de Certiorari.*"

Con el beneficio de la comparecencia de ambas partes, procedemos a esbozar el derecho aplicable al asunto ante nuestra consideración.

**II.**

La custodia está regida por los artículos 602 al 605 del Código Civil del 2020, 31 LPRA secs. 7281-7084, y por la *Ley protectora de los derechos de los menores en el proceso de adjudicación de custodia*, Ley Núm. 223-2011, según enmendada, 32 LPRA secs. 3181-3188. Como parte de sus propósitos, la precitada Ley adopta como política pública la custodia compartida y corresponsabilidad sobre los hijos como primera alternativa en los casos en que se ajuste al mejor bienestar del menor.

La custodia compartida se define como "la obligación de ambos progenitores, padre y madre, de ejercer directa y totalmente todos los deberes y funciones que conlleva la crianza de los hijos, relacionándose con éstos el mayor tiempo posible y brindándoles la compañía y atención que se espera de un progenitor responsable. 32 LPRA sec. 3181. La custodia compartida de los menores, aun contra la voluntad de alguno de los progenitores que interesa la custodia monoparental, se considerará si es beneficiosa a los mejores intereses del menor, salvo prueba en contrario y con excepción de las exclusiones establecidas en el Art. 9 de la Ley. Art. 4, Ley 223-2011, 32 LPRA sec. 3182.

En aquellos casos en que alguno de los padres se oponga a la custodia compartida, el tribunal deberá referir el caso al trabajador social de Relaciones de Familia, quien realizará una evaluación y rendirá un informe con recomendaciones al tribunal. Art. 7, Ley 223-2011, 32 LPRA sec. 3185. Asimismo, el Artículo 603 del Código Civil, *supra*, dispone que, de haber una falta de acuerdo previo por parte de los progenitores, "el tribunal citará para vista expedita, para la adjudicación de la custodia provisional." 31 LPRA sec. 7282.

En suma, el proceso de privar o limitar de custodia a cualquiera de los progenitores, por el mejor bienestar del menor, conlleva claras consideraciones de debido proceso de ley. *Rentas Nieves v. Betancourt Figueroa*, *supra*, pág. 428. De manera que, la decisión del tribunal en torno a la custodia de un menor debe tomarse luego de realizar un análisis

objetivo, sereno y cuidadoso de todas las circunstancias presentes en el caso ante su consideración, teniendo como único y principal objetivo el bienestar de los menores de edad. *Rivera v. Morales*, 167 DPR 280, 293 (2006).

## III.

En el caso que hoy nos ocupa, el foro primario concedió la custodia provisional de los menores a favor del recurrido antes de que la peticionaria presentara su alegación responsiva. De igual forma, otorgó la aludida custodia provisional **sin celebrar una vista para evaluar la conveniencia de conceder la misma.** Posteriormente, este Tribunal decidió expedir el auto de *certiorari* presentado por la peticionaria, en virtud del alto interés público que reviste al presente asunto. Ante ello y en vista de las circunstancias actuales y particulares del presente caso, determinamos devolver el mismo al foro primario para la urgente celebración de una vista de custodia provisional. A su vez, el tribunal de instancia deberá considerar la posibilidad de nombrar un defensor judicial a estos menores, de ser ello necesario.

## IV.

Por los fundamentos expuestos y habiendo expedido el presente auto de *certiorari,* se revoca la resolución recurrida y se devuelve el caso al foro primario para la celebración de una vista urgente sobre custodia provisional.

No es necesario esperar el mandato. Véase, la Regla 52(D) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 75, 215 DPR ___ (2025). **Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones